## JACOBSON v. F. W. STOCK & SONS, Inc.

District Court, S. D. New York.

Jan. 3, 1940.

Sidney Brodman, of New York City, for plaintiff.

Nathan Feldman, of New York City, for defendant.

HULBERT, District Judge.

The defendant moves for an order directing the taking of the testimony of the plaintiff before a person, and at a time and place to be specified in the order, upon nine certain items in support of the defendant's counterclaim.

The scope of the inquiry is not objected to if the Court determines that there should be an examination. In that event, the plaintiff requests that the examination be upon interrogatories, or, if an oral examination is had, it be held in the City of Chicago where the plaintiff is employed and that a reasonable allowance be made for the expense of his attorney necessarily incurred.

Plaintiff is a citizen of the State of New York and the defendant is a Michigan corporation having a place of business in this District.

During the year 1938 plaintiff acting as agent for Armour & Company, entered into three separate contracts with the defendant in Illinois whereby the defendant purchased of Armour certain quantities of powdered egg yolk to be delivered to the defendant at its plant in Hillsdale, Michigan. Thereafter F. W. Stock & Sons, Inc., brought an action in the New York Supreme Court, County of Kings, against William B. Jacobson to recover one-half of the commissions alleged to have been paid to Jacobson by Armour & Company.

Thereupon the plaintiff brought this action claiming that the alleged contract sued on in the State Court action was in violation of the provisions of an Act of Congress, as amended, 49 Stat. 1526, Title 15 U.S.C.A. § 13(c) commonly known as the Robinson-Patman Act, which provides: "It shall be unlawful * * * to pay or grant, or to receive or accept, anything of value as a commission, brokerage, or other compensation, or any allowance or discount in lieu thereof, except for services rendered * * * either to the other party * * * or to an agent, representative, or other intermediary therein where such intermediary is acting in fact for or in behalf, or is subject to the direct or indirect control, of any party to such transaction other than the person by whom such compensation is so granted or paid."

In its answer the defendant sets up as a counterclaim the identical facts constituting its alleged cause of action in the State Court suit and seeks an examination of the plaintiff in support thereof.

On November 3, 1939, the plaintiff applied to this Court for an order restraining the defendant during the pendency of this action, from proceeding in any manner with the action pending in the State Court. That motion was denied with leave to renew "if it should appear that the State Court action will be reached for trial prior to the action in this court."

The plaintiff opposes the motion for his examination upon the ground that additional facts have come to his knowledge upon which he intends presently to predicate a motion for judgment on the pleadings and that the examination applied for should not be had until such motion can be heard and determined.

■ One underlying purpose of the new Rules is to speed up litigation. Issue was joined in this case by the service of the plaintiff's reply filed December 21, 1939, and the defendant has moved seasonably and should not be penalized for his diligence.

■ The motion is granted and the examination will take place orally before a person to be designated in the order to be entered at a time and place therein specified, unless the defendant consents that such examination be had upon written interrogatories. Settle order on notice unless consented to as to form. The expense incidental to the hearing will be determined upon the settlement of the order.